UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALLEN FITZGERALD CALTON | CIVIL ACTION |
| VERSUS | NO. 22-3372 |
| U.S. COURT OF APPEALS FIFTH CIRCUIT, ET AL. | SECTION "G"(4) |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.   Factual Background

Plaintiff Allen Fitzgerald Calton ("Calton") is an inmate incarcerated in the John B. Connally Unit in Kenedy, Texas. ECF No. 1, ¶III(A), at 22. Calton filed this suit on the form reserved for prisoners to file complaints under 42 U.S.C. § 1983, and he has paid the filing fee. Calton named as defendants the United States Fifth Circuit Court of Appeals, Supreme Court Justice Samuel Alito as Circuit Justice for the Fifth Circuit, 18 named Fifth Circuit Judges,[1] and 11 John or Jane Doe Fifth Circuit Judges. Calton alleges that the Fifth Circuit Judges have avoided their jurisdictional duties to accept and review his 2021 federal habeas petition submitted under 28

---

[1] The named circuit judicial officers are identified as follows: Judge Edith Jones, Judge Owen, Judge Willet, Judge Ho, Judge Smith, Judge Haynes, Judge Stewart, Judge Oldhan, Judge Davis, Judge Southwick, Judge Elrod, Judge Jolly, Judge Garza, Judge Weiner, Judge Graves, Judge Higginbotham, Judge Dennis, and Judge King.

U.S.C. § 2241 and assigned App. No. 21-10295.[2]  *Id*. at 30.  Instead, a panel of judges construed his petition as a request to file a second or successive habeas petition under 28 U.S.C. § 2254, and denied him any relief.  *Id*. at 31.  He thereafter began to demand by letter that the Circuit Judges exercise jurisdiction.  *Id*. at 32.  He submitted two money orders for the $5.00 filing fee and demanded that the clerk of the Fifth Circuit have a judicial officer transfer his petition to the appropriate Texas federal district court for the district in which he was convicted and in which he was housed.  *Id*. at 32.  His requests were rejected by the clerk, and his case was not transferred to the Texas federal district court.  *Id*. at 33.

Calton claims that he thereafter began to write directly to Circuit Judge Edith Jones, the court's financial officer, and the Clerk of Court, questioning the rejection of money orders and advising that he had on his own "selected" Judge Jones as the appropriate judicial officer to take jurisdiction over his complaint.  *Id*. at 33-34.

Calton further asserts that Justice Alito and the Fifth Circuit Judges have collectively adopted a policy, practice, or custom to disallow any one circuit judge from exercising original jurisdiction over a case and transfer a habeas proceeding to another court.  *Id*. at 35.  He claims that this deprived him of a "safety valve" to have his untimely habeas claims heard under equitable considerations like actual innocence.  *Id*. at 36.  He contends that this is a violation of his right to access to the courts, to a federal forum to hear his claims, and to be free from cruel and unusual punishment.  *Id*.

---

[2] Calton does not indicate the nature of his underlying Texas state criminal conviction.  He only asserts that he exhausted state court review of his claims in 2017, and sought to file an untimely federal habeas petition under § 2241.  *Id*. at 30.

Calton seeks declaratory relief that the judicial defendants have a duty, and no right to decline, to exercise original jurisdiction over his habeas and that the petition otherwise must be transferred to a district court for resolution. *Id*., ¶V, at 38-40. He also seeks injunctive relief in the form of an order requiring the judicial defendants to exercise jurisdiction over his habeas petition. *Id*. at 40. He also seeks a mandamus order from this Court to compel the judicial defendants to act on his habeas petition. *Id*. at 41.

## II.   Standards of Statutory Frivolousness Review

Pursuant to 28 U.S.C. § 1915A, the Court is required to *sua sponte* dismiss cases filed by prisoners seeking "redress from a governmental entity or officer or employee of a governmental entity," upon a determination that the claims are frivolous, malicious, or fail to state a claim for which relief can be granted, or seeks monetary relief from an immune defendant. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

A claim is frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). Thus, the Court must determine whether

plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

Similarly, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient to state a claim upon which relief may be granted. *Id.*

### III.    Discussion

Calton is a prisoner who's civil complaint is subject to screening under § 1915A, even though he paid the filing fee. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Although he used the form intended for prisoner suits under § 1983, he has sued a federal court and federal judicial officers. These claims instead must be considered under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Much like its counterpart, *Bivens* "affords a victim of unconstitutional conduct by a federal actor or agent a direct remedy under the U.S. Constitution." *Abate v. So. Pac. Transp. Co.*, 993 F.2d 107, 110 (5th Cir. 1993)). Broadly construing his claims, the Court must construe Calton's cause of action as a constitutional one under *Bivens*, 403 U.S. at 393-97.

A *Bivens* claim, however, only provides a cause of action against federal officers acting in their individual capacity. A suit against a federal official in his or her official capacity, or one against the federal agency itself, is construed as a suit against the United States of America. *See*

*Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("[T]he real party in interest in an official-capacity suit is the governmental entity and not the named official...."). Suits against the United States of America are barred under the doctrine of sovereign immunity unless there is consent. *See Corr. Servs. Corp.*, 534 U.S. at 71 (allowing a *Bivens* suit against a federal agency because Congress had consented to suits against the agency). Calton has not alleged, and this Court is unaware of, any such consent by the federal government to permit suits against it under *Bivens* for alleged constitutional violations by a federal court or its judges.

For this reason, any claim against the United States Fifth Circuit Court of Appeals itself, as a federal entity or agency, is frivolous and otherwise fails to state a claim for which this Court can grant relief. *See Hooker v. Supreme Court United States*, No. 04-3454, 2005 WL 8173979, at 3 (E.D. La. May 27, 2005) (granting Supreme Court's motion for dismissal for lack of jurisdiction).

With regard to the federal judges identified in his complaint, Calton indicates that he seeks relief against the judicial defendants each in their individual capacity. *See* ECF No. 1, ¶V, at 38-39 (invoking relief against the defendants "in an individual capacity"). For the reasons above, the Court could not entertain an official capacity claim against these judicial officers. Thus, to provide Calton every benefit and to the extent necessary, the Court construes liberally Calton's *pro se* complaint as one stating claims against the defendants in their individual capacity, and the Court will limit its analysis to such claims here.

It is well established that judges enjoy absolute judicial immunity from suits for damages for all judicial acts except those undertaken with a "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 362 (1978); *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967); *Morrison v. Walker,* 704 F. App'x 369, 372–73 (5th Cir. 2017). This includes suits brought under

*Bivens*. *Villegas v. Galloway*, 458 F. App'x 334, 337 (5th Cir. 2012). An act is judicial for purposes of this analysis, based on "the nature of the act itself." *Stump*, 435 U.S. at 362; *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). Courts broadly construe the acts of judicial officers in favor of immunity. *Id*. at 515. The judicial officer's immunity will not be overcome by mere allegations of "bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

The federal courts also have extended this absolute judicial immunity to *Bivens* suits, like this one, for injunctive and declaratory relief. *See*, *e.g.*, *Thibodeaux v. Africk*, No. 14-921, 2014 WL 3796078, at *3 (E.D. La. July 30, 2014) (citing *Bolin v. Story*, 225 F.3d 1234, 1242-43 (11th Cir. 2000); *Emerson v. United States*, No. 12-884, 2012 WL 1802514, at *3 (E.D. La. Apr. 30, 2012); *Boyd v. Vance*, No. 09-7643, 2010 WL 235031, at *2 (E.D. La. Jan. 13, 2010)); *see also*, *Doe v. Rivera*, No. 19-151, 2020 WL 5078771, at *6 (N.D. Miss. Aug. 27, 2020) (in addition to immunity from suit for monetary damages, absolute immunity also "extends to Bivens claims for injunctive relief."). This conclusion derives from policy considerations as well as congressional amendments to 42 U.S.C. § 1983 law which extend judicial immunity to injunctive relief unless a declaratory decree was breached. *Thibodeaux*, 2014 WL 3796078, at *3 (citing *Wightman v. Jones*, 809 F. Supp. 474, 476-79 (N.D. Tex. Dec. 7, 1992) (holding that in the context of a *Bivens* action, judicial immunity bars both declaratory and equitable relief)). Without an extension of immunity to requests for injunctive and declaratory relief, a disgruntled litigant would be able to effect a "horizontal appeal" or "reverse review" by simply suing appellate judges in a district court civil action. *Wightman*, 809 F. Supp. at 479.

Calton's claims arise from acts that are without doubt judicial in nature. Calton complains about the Fifth Circuit Judge's evaluation of jurisdiction and the legal conclusions reached in resolving his (admittedly improperly) filed federal habeas corpus petition. Calton's interaction

6

with the court personnel and judicial officers relates entirely to his habeas petition presented to that Court for review. He engaged with the Court and its judicial officers in their judicial capacity, and seeks relief related solely to the exercise of the judicial officers jurisdictional "duties." The evaluation and resolution of Calton's habeas corpus petition was judicial in nature and, while Calton disagrees with it, the disposal of his case rather than transfer, was not in "clear absence of all jurisdiction." *See Stump*, 435 U.S. at 362.

In addition, Calton's complaint and claims for relief amount to the type of improper "horizontal" and "reverse" attack that the courts cited above have condemned, especially considering his request for an order from this district court to mandate that the appellate judges act on his habeas petition.

For the foregoing reasons, the Court finds that Calton's *Bivens* claims seeking declaratory, mandamus, and injunctive relief against the judicial defendants are barred by judicial immunity.

## IV.    RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff Allen Fitzgerald Calton's 42 U.S.C. § 1983 complaint asserting *Bivens* claims against defendants the United States Fifth Circuit Court of Appeals, Supreme Court Justice Samuel Alito, Judge Edith Jones, Judge Owen, Judge Willet, Judge Ho, Judge Smith, Judge Haynes, Judge Stewart, Judge Oldhan, Judge Davis, Judge Southwick, Judge Elrod, Judge Jolly, Judge Garza, Judge Weiner, Judge Graves, Judge Higginbotham, Judge Dennis, and Judge King, be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A as frivolous and otherwise for failure to state a claim for which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days**

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this __3rd__ day of September, 2022.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[3] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.