UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALLEN FITZGERALD CALTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3372** |
| **UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT et al.** | **SECTION: "G"** |

**ORDER AND REASONS**

Before the Court are Plaintiff Allen Fitzgerald Calton's ("Plaintiff") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Also pending before the Court are Plaintiff's Motion to Declare 5 U.S.C. §§ 702, 701 Unconstitutional[2] and his Motion to Declare Federal Rule of Appellate Procedure 22 Unconstitutional.[3] Plaintiff filed this civil rights action against Supreme Court Justice Samuel Alito as Circuit Justice for the Fifth Circuit, eighteen named Fifth Circuit Judges, and eleven John or Jane Doe Fifth Circuit Judges.[4] The Magistrate Judge recommended that the claims be dismissed because judges enjoy absolute judicial immunity for all judicial acts.[5] Considering the pleadings, the Report and Recommendation, Plaintiff's objections, the record, and the applicable law, the Court overrules Plaintiff's objections, adopts the Report and Recommendation, dismisses the official capacity claims for lack of jurisdiction under the doctrine of sovereign immunity, dismisses the individual

---

[1] Rec. Docs. 6, 8, 12.

[2] Rec. Doc. 10.

[3] Rec. Doc. 13.

[4] Rec. Doc. 1.

[5] Rec. Doc. 3.

1

capacity claims with prejudice under the doctrine of judicial immunity, and denies the pending motions.

## I. Background

Plaintiff is an inmate incarcerated in the John B. Connally Unit in Kenedy, Texas.[6] He filed this civil rights action against Supreme Court Justice Samuel Alito as Circuit Justice for the Fifth Circuit, eighteen named Fifth Circuit Judges, and eleven John or Jane Doe Fifth Circuit Judges.[7] Plaintiff alleges that the named defendants failed to review his 2021 federal habeas corpus application.[8] Instead, a panel of judges construed his petition as a request to file a second or successive habeas petition under 28 U.S.C. § 2254 and denied him relief.[9] Thereafter, Plaintiff alleges that he began to forward his habeas petition to individual Circuit Judges "demanding that an individual circuit judge exercise his or her original habeas jurisdiction over the petition."[10]

Plaintiff claims that Justice Alito and the Fifth Circuit Judges have collectively adopted a policy, practice, or custom to disallow any one circuit judge from exercising original jurisdiction over a case and transfer a habeas proceeding to another court.[11] Plaintiff argues that the judges have deprived him of a "safety valve" or "safety hatch" proceeding.[12] Plaintiff asserts that this is a violation of his right to access to the courts, his right to a federal forum to hear his claims, and

---

[6] *See* Rec. Doc. 1.

[7] *Id.* at 1–3.

[8] *Id.* at 30.

[9] *Id.* at 31.

[10] *Id.* at 32.

[11] *Id.* at 35–36.

[12] *Id.* at 36.

his right to be free from cruel and unusual punishment, and his right to due process and equal protection.[13]

The Magistrate Judge recommended that the claims against the United States Fifth Circuit Court of Appeals itself, as a federal entity or agency, be dismissed under the doctrine of sovereign immunity.[14] With respect to the individual capacity claims against the federal justice and judges, the Magistrate Judge recommended that the claims be dismissed because judges enjoy absolute judicial immunity for all judicial acts except those undertaken with a "clear absence of all jurisdiction."[15]

Thereafter, Plaintiff filed both an Amended Complaint and a Second Amended Complaint, which reiterate the claims raised in the original Complaint.[16]

## II. Objections to Report and Recommendation

Plaintiff objects to the Report and Recommendation.[17] Plaintiff argues that the Magistrate Judge erroneously assumed that Justice Alito and the Fifth Circuit Judges were sued in their individual capacity.[18] Instead, Plaintiff asserts Justice Alito and the Fifth Circuit Judges are sued in both their individual and official capacities.[19] Plaintiff also contends that sovereign immunity has been waived by 5 U.S.C. § 702.[20]

---

[13] *Id.*

[14] Rec. Doc. 3 at 5 (citing *Hooker v. Supreme Court United States*, No. 04-3454, 2005 WL 8173979, at 3 (E.D. La. May 27, 2005)).

[15] *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57, 362 (1978)).

[16] Rec. Docs. 7, 9.

[17] Rec. Docs. 6, 8, 12.

[18] Rec. Docs. 6 at 11.

[19] *Id.* at 11–12.

[20] Rec. Doc. 6 at 13; Rec. Doc. 8 at 8; Rec. Doc. 12 at 3.

Next, Plaintiff argues that the named defendants are not entitled to judicial immunity for declaratory relief.[21] Plaintiff also asserts that the district court has authority to issue a writ of mandamus compelling the named defendants to comply with the Constitution.[22] Finally, Plaintiff argues that he has no other adequate remedy at law and will continue suffering irreparable injury if equitable relief is not granted.[23]

Additionally, Plaintiff moves the Court to declare 5 U.S.C. §§ 702, 701 unconstitutional as applied.[24] Plaintiff argues that Section 702 is unconstitutional to the extent it applies to federal agencies and not the Fifth Circuit Court of Appeals.[25] Plaintiff also moves the Court to declare Federal Rule of Appellate Procedure 22 unconstitutional as applied.[26] Plaintiff argues that Appellate Rule 22 is unconstitutional to the extent it prohibits a habeas petitioner from even filing a petition with a Circuit Judge.[27]

### III. Standard of Review

*A.   Review of the Magistrate Judge's Report and Recommendation*

When designated by a district court to do so, a United States Magistrate Judge may consider prisoner petitions challenging the conditions of confinement and recommend a disposition to the district court judge in accordance with the Magistrate Judge's findings of fact and determinations

---

[21] Rec. Doc. 6 at 15.

[22] Rec. Doc. 6 at 24; Rec. Doc. 8 at 1; Rec. Doc. 12 at 7.

[23] Rec. Doc. 6 at 30; Rec. Doc. 8 at 13; Rec. Doc. 12 at 9.

[24] Rec. Doc. 10.

[25] *Id.* at 2.

[26] Rec. Doc. 13.

[27] *Id.* at 3.

of law.[28] A district judge "may accept, reject or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[29] The district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[30] However, a district court's review is limited to plain error of parts of the report not properly objected to.[31]

B.   *Standard for Frivolousness*

A district court has broad discretion in determining the frivolous nature of a prisoner's complaint.[32] A complaint is frivolous if it lacks an arguable basis in law or fact.[33] A claim has no arguable basis in law if "it is based on indisputable meritless legal theory."[34] It lacks a basis in facts if "the facts alleged are clearly baseless."[35] If a court finds a prisoner's claims are frivolous, the court must dismiss the claims *sua sponte*.[36]

## IV. Law and Analysis

The Magistrate Judge's recommended that the claims against the United States Fifth Circuit Court of Appeals itself be dismissed under the doctrine of sovereign immunity.[37] The Magistrate Judge treated Plaintiff's claims against Justice Alito and the Fifth Circuit Judges as

---

[28] 28 U.S.C. § 636(b)(1)(B).

[29] Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. §636(b)(1).

[30] Fed. R. Civ. P. 72(b)(3).

[31] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

[32] *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted).

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *See* 28 U.S.C. § 1915A; 42 U.S.C. §1997e(c).

[37] Rec. Doc. 3 at 4–5.

individual capacity claims, and did not consider any official capacity claims against them.[38] In opposition, Plaintiff argues that the Magistrate Judge erroneously assumed that Justice Alito and the Circuit Judges were sued in their individual capacities.[39] Instead, Plaintiff asserts Justice Alito and the Circuit Judges are sued in both their individual and official capacities.[40] Plaintiff also contends that sovereign immunity should not apply to the Fifth Circuit, Justice Alito, or the Circuit Judges because it has been waived by 5 U.S.C. § 702.[41]

A suit against a federal official in his or her official capacity, or a suit against the federal agency itself, is construed as a suit against the United States of America.[42] Sovereign immunity extends to federal courts[43] and federal judges acting in their official capacities.[44] "In order to hale the federal government into a court proceeding, a plaintiff must show that there has been a valid waiver of sovereign immunity."[45] "'A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied.'"[46]

---

[38] *Id.* at 5.

[39] Rec. Docs. 6 at 11.

[40] *Id.* at 11–12.

[41] Rec. Doc. 6 at 13; Rec. Doc. 8 at 8; Rec. Doc. 12 at 3.

[42] *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001); *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

[43] *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1245 (10th Cir. 2007) (finding that the Supreme Court is entitled to sovereign immunity).

[44] *Smith v. Scalia*, 44 F. Supp. 3d 28, 38 (D.D.C. 2014), *aff'd*, No. 14-5180, 2015 WL 13710107 (D.C. Cir. Jan. 14, 2015) ("Moreover, to the extent that Smith has sued the judges in their official capacity, these defendants are part of the United States government for the purposes of sovereign immunity, as well.").

[45] *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007) (quoting *Lewis v. Hunt*, 492 F.3d 565, 570 (5th Cir. 2007)).

[46] *Id.*

Plaintiff argues that 5 U.S.C. § 702 waives sovereign immunity.[47] By the clear terms of the statute, this argument is incorrect. Under Section 702, "[a] person suffering legal wrong because of *agency* action . . . is entitled to judicial review thereof."[48] However, the courts of the United States are excluded from the definition of an "agency."[49] Therefore, Section 702 does not waive sovereign immunity for the courts of the United States.[50] Accordingly, the Court dismisses any claim against the United States Fifth Circuit Court of Appeals, Justice Alito, and the Fifth Circuit Judges brought in their official capacities for lack of jurisdiction.[51]

With respect to his claims against Justice Alito and the Fifth Circuit Judges in their individual capacities, the Magistrate Judge recommended that these claims be dismissed with prejudice under the doctrine of judicial immunity.[52] In objection, Plaintiff argues that they are not entitled to judicial immunity for claims seeking declaratory relief.[53] This argument is unavailing. Judges enjoy absolute judicial immunity from suits for damages for all judicial acts except those undertaken with a "clear absence of all jurisdiction."[54] In *Pulliam v. Allen*, a divided Supreme Court held that judicial immunity did not protect a state judge from claims for injunctive relief in

---

[47] Rec. Doc. 6 at 13; Rec. Doc. 8 at 8; Rec. Doc. 12 at 3.

[48] 5 U.S.C. § 702 (emphasis added).

[49] 5 U.S.C. § 701(b)(1)(B).

[50] Plaintiff makes a last-ditch effort to argue that Section 702 is unconstitutional as applied. This argument is unavailing as it ignores the clear separation of powers between the branches of government.

[51] The Report and Recommendation mentions dismissal with prejudice. However, a dismissal based on sovereign immunity is a dismissal for lack of jurisdiction. *See Joiner v. United States*, 955 F.3d 399, 403 (5th Cir. 2020) ("Sovereign immunity implicates a federal court's subject matter jurisdiction.").

[52] Rec. Doc. 3 at 5–7.

[53] Rec. Doc. 6 at 15.

[54] *Stump v. Sparkman*, 435 U.S. 349, 356-57, 362 (1978).

a § 1983 action.[55] However, appellate courts addressing this issue have held that *Pulliam* does not apply to federal judges, and therefore, the doctrine of absolute judicial immunity serves to protect federal judges from declaratory and injunctive relief.[56] Those courts have reasoned that allowing injunctive or declaratory relief against federal judges "would be to permit a 'horizontal appeal' from one district court to another or even 'reverse review' of a ruling of the court of appeals by a district court."[57]

Plaintiff alleges that the named defendants failed to review his 2021 federal habeas corpus application.[58] Instead, a panel of judges construed his petition as a request to file a second or successive habeas petition under 28 U.S.C. § 2254 and denied him relief.[59] Plaintiff's claims undoubtedly relate to judicial acts, and the Fifth Circuit panel did not act in the "clear absence of all jurisdiction."[60] Therefore, Plaintiff has not pled any facts to overcome the doctrine of judicial immunity.

Plaintiff also argues that this Court has authority to issue a writ of mandamus compelling the named defendants to comply with the Constitution.[61] The All Writs Act, 28 U.S.C. § 1651, provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary and appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Pursuant to 28 U.S.C. § 1361, "[t]he district courts shall have original

---

[55] 466 U.S. 522 (1984).

[56] *Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000); *Mullis v. United States Bankr. Court for the Dist. of Nev.*, 828 F.2d 1385 (9th Cir. 1987).

[57] *Bolin*, 225 F.3d at 1240 ((citing *Mullis*, 828 F.2d at 1392–93).

[58] Rec. Doc. 1.

[59] *Id.*

[60] *Stump*, 435 U.S. at 362.

[61] Rec. Docs. 6, 8, 12.

jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Section 1361 is a source of jurisdiction for district courts to exercise writs of mandamus to employees of the Executive Branch.[62] Appellate judges are appointed under Article III, the Judicial Branch. Therefore, this District Court does not have authority to issue a mandamus to the United States Court of Appeals for the Fifth Circuit.[63]

### V. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Report and Recommendation;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Declare 5 U.S.C. §§ 702, 701 Unconstitutional[64] and Motion to Declare Federal Rule of Appellate Procedure 22 Unconstitutional[65] are **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff Allen Fitzgerald Calton's claims against the United States Fifth Circuit Court of Appeals and his official capacity claims against Supreme Court Justice Samuel Alito, Judge Edith Jones, Judge Owen, Judge Willet, Judge Ho, Judge Smith, Judge

---

[62] *See, e.g., Trackwell v. United States Government*, 472 F.3d 1242, 1247 (10th Cir. 2007); *Liberation News Service v. Eastland*, 426 F.2d 1379, 1384 (2d Cir. 1970) ("[I]n enacting [ ] § 1361 . . . Congress was thinking solely in terms of the executive branch.") (Friendly, J.); *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992) (applying the rationale of *Eastland* to bar § 1361 action against bankruptcy court officers).

[63] Finally, Plaintiff argues that Federal Rule of Appellate Procedure 22 is unconstitutional. Appellate Rule 22 sets forth rules governing habeas corpus cases. Plaintiff argues that Appellate Rule 22 is unconstitutional to the extent it prohibits a habeas petitioner from even filing a petition with a Circuit Judge. The requirements for filing a successive habeas petition are set forth in 28 U.S.C. § 2255(h). Section 2255(h) has been declared constitutional by the United States Supreme Court. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996).

[64] Rec. Doc. 10.

[65] Rec. Doc. 13.

Haynes, Judge Stewart, Judge Oldhan, Judge Davis, Judge Southwick, Judge Elrod, Judge Jolly, Judge Garza, Judge Weiner, Judge Graves, Judge Higginbotham, Judge Dennis, and Judge King, are **DISMISSED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff Allen Fitzgerald Calton's individual capacity claims against Supreme Court Justice Samuel Alito, Judge Edith Jones, Judge Owen, Judge Willet, Judge Ho, Judge Smith, Judge Haynes, Judge Stewart, Judge Oldhan, Judge Davis, Judge Southwick, Judge Elrod, Judge Jolly, Judge Garza, Judge Weiner, Judge Graves, Judge Higginbotham, Judge Dennis, and Judge King, are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A as frivolous and otherwise for failure to state a claim for which relief can be granted.

**NEW ORLEANS, LOUISIANA**, this 6th day of March, 2023.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**