UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALLEN FITZGERALD CALTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3372** |
| **UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT et al.** | **SECTION: "G"** |

## ORDER AND REASONS

Before the Court are two motions filed by Plaintiff Allen Fitzgerald Calton's ("Plaintiff"): (1) a Rule 59(e) Motion for Reconsideration[1] and (2) a Motion for Leave to File a Supplemental Rule 59(e) Motion.[2] Plaintiff filed this civil rights action against Supreme Court Justice Samuel Alito as Circuit Justice for the Fifth Circuit, eighteen named Fifth Circuit Judges, and eleven John or Jane Doe Fifth Circuit Judges.[3] Plaintiff alleged that the named defendants failed to review his 2021 federal habeas corpus application.[4] Instead, a panel of judges construed his petition as a request to file a second or successive habeas petition under 28 U.S.C. § 2254 and denied him relief.[5] Plaintiff claimed that Justice Alito and the Fifth Circuit Judges have collectively adopted a policy, practice, or custom to disallow any one circuit judge from exercising original jurisdiction over a case and transfer a habeas proceeding to another court.[6] The Magistrate Judge recommended

---

[1] Rec. Doc. 17.

[2] Rec. Doc. 18.

[3] Rec. Doc. 1.

[4] *Id.* at 30.

[5] *Id.* at 31.

[6] *Id.* at 35–36.

1

that the claims be dismissed because judges enjoy absolute judicial immunity for all judicial acts.[7] On March 7, 2023, the Court adopted the Report and Recommendation and dismissed Plaintiff's claims.[8]

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[9] it has consistently recognized that such a motion may challenge a final judgment under Federal Rules of Civil Procedure 59(e) or 60(b).[10] Federal Rule of Civil Procedure 59(e) allows courts to alter or amend judgments after entry so long as a motion is "filed no later than 28 days after the entry of the judgment."[11] Plaintiff filed the instant motion within 28 days after entry of the judgment. Therefore, it is properly considered under Rule 59(e).

"[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'"[12] In deciding motions for reconsideration, courts in this district consider four factors: (1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) whether the movant presents new evidence; (3) whether the motion is necessary in order to prevent manifest injustice; and (4) whether the motion is justified by an

---

[7] Rec. Doc. 3.

[8] Rec. Doc. 3.

[9] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[10] *Id*.

[11] Fed. R. Civ. P. 59(e).

[12] *Rosenblatt v. United Way of Greater Houston,* 607 F.3d 413, 419 (5th Cir. 2010) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

intervening change in the controlling law.[13] However, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[14]

In the first motion for reconsideration, Plaintiff does not challenge the underlying conclusion that judges are entitled to judicial immunity.[15] Instead, Plaintiff argues that reconsideration is warranted because this Court should have transferred the case to the District Court for the District of Columbia, rather than dismissing the case, because that court has authority to issue a writ of mandamus to the Fifth Circuit.[16] It is inappropriate to raise a new argument in a motion for reconsideration.[17] Moreover, Plaintiff has not demonstrated that it would be appropriate to transfer this case to the District Court for the District of Columbia.

In the supplemental motion for reconsideration, Plaintiff argues that this Court erred by failing to consider his argument that the judges are not entitled to sovereign immunity under the *Larson-Dugan* exception.[18] In *Larson v. Domestic & Foreign Commerce Corp.*, the Supreme Court explained that state actors are not entitled to sovereign immunity from "suits for specific relief against officers of the sovereign which are not suits against the sovereign."[19] "The Court cited two types of cases that may fall into this category: (1) those in which a 'statute or order conferring power upon the officer to take action in the sovereign's name is claimed to be

---

[13] *See, e.g.*, *Castrillo v. Am Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398 at *3–4 (E.D. La. Apr. 5, 2010) (Vance, J.).

[14] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[15] Rec. Doc. 17.

[16] *Id.*

[17] *Digital Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc.*, 965 F.3d 365, 374 (5th Cir. 2020) ("[W]e generally do not consider an issue or a new argument raised for the first time in a motion for reconsideration in the district court.").

[18] Rec. Doc. 18.

[19] *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 689 (1949).

unconstitutional,' and (2) those in which the officer's action is *ultra vires* his or her authority."[20] Plaintiff has not demonstrated that either exception applies. Plaintiff's claims are related to judges' handling of his habeas corpus proceedings. The judges were acting in the scope of their authority when they ruled on his habeas case. Additionally, Plaintiff has not shown that the actions taken by the judges were unconstitutional. Therefore, Plaintiff has not shown that the *Larson-Dugan* exception applies.

Plaintiff does not present any manifest error of law or fact, newly discovered evidence, or an intervening change in the controlling law. Therefore, Plaintiff provides no valid basis for reconsideration. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file[21] is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Rule 59(e) Motion for Reconsideration[22] and Supplemental Rule 59(e) Motion[23] are **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  1st   day of May, 2023.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[20] *Danos v. Jones*, 652 F.3d 577, 581–82 (5th Cir. 2011) (quoting *Larson*, 337 U.S. at 689–90).

[21] Rec. Doc. 18.

[22] Rec. Doc. 17.

[23] Rec. Doc. 18-2.