UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALLEN FITZGERALD CALTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3372** |
| **UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT et al.** | **SECTION: "G"** |

# ORDER

In 2022, Plaintiff Allen Fitzgerald Calton ("Plaintiff") filed this civil rights action against Supreme Court Justice Samuel Alito as Circuit Justice for the Fifth Circuit, eighteen named Fifth Circuit Judges, and eleven John or Jane Doe Fifth Circuit Judges.[1] Plaintiff alleged that the named defendants failed to review his 2021 federal habeas corpus application.[2] Instead, a panel of judges construed his petition as a request to file a second or successive habeas petition under 28 U.S.C. § 2254 and denied him relief.[3] Plaintiff claimed that Justice Alito and the Fifth Circuit Judges have collectively adopted a policy, practice, or custom to disallow any one circuit judge from exercising original jurisdiction over a case and transfer a habeas proceeding to another court.[4] The Magistrate Judge recommended that the claims be dismissed because judges enjoy absolute judicial immunity for all judicial acts.[5] On March 7, 2023, the Court adopted the Report and Recommendation and

---

[1] Rec. Doc. 1.

[2] *Id.* at 30.

[3] *Id.* at 31.

[4] *Id.* at 35–36.

[5] Rec. Doc. 3.

1

dismissed Plaintiff's claims.[6] Plaintiff then filed two motions requesting reconsideration of the judgment.[7] On May 1, 2023, the Court denied both of Plaintiff's motions for reconsideration.[8] Thereafter, Plaintiff filed two additional motions for reconsideration, which are currently pending before the Court: (1) a "Motion to Reurge His Motion For Relief Under FRCP Rule 59(e) Denied by the Court on 5-1-23"[9] (the "Third Motion for Reconsideration") and (2) a Rule 60(b)(6) Motion (the "Fourth Motion for Reconsideration").[10]

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[11] it has consistently recognized that such a motion may challenge a final judgment under Federal Rules of Civil Procedure 59(e) or 60(b).[12]  Federal Rule of Civil Procedure 59(e) allows courts to alter or amend judgments after entry so long as a motion is "filed no later than 28 days after the entry of the judgment."[13] Plaintiff filed the instant motions more than 28 days after entry of the judgment. Therefore, they are properly considered under Rule 60(b).

Rule 60(b) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for any of the following reasons:

(1)   mistake, inadvertence, surprise, or excusable neglect;
(2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by any opposing party;

---

[6] Rec. Doc. 3.

[7] Rec. Docs. 17, 18.

[8] Rec. Doc. 20.

[9] Rec. Doc. 21.

[10] Rec. Doc. 22.

[11] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[12] *Id.*

[13] Fed. R. Civ. P. 59(e).

    (4)      the judgment is void;
    (5)      the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6)      any other reason that justifies relief.[14]

"Motions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion."[15]

In the Third and Fourth Motions for Reconsideration, Plaintiff argues that the Court erred by failing to consider his argument that an individual Circuit Judge failed to respond to his inquiries demanding that an individual Circuit Judge exercise his or her original habeas jurisdiction over the petition.[16] This argument is unavailing.[17] The Court considered all of Plaintiff's claims, dismissing the official capacity claims for lack of jurisdiction under the doctrine of sovereign immunity and dismissing the individual capacity claims under the doctrine of judicial immunity.

Plaintiff does not present any manifest error of law or fact, newly discovered evidence, or an intervening change in the controlling law. Additionally, Plaintiff has not demonstrated that the motions are necessary in order to prevent manifest injustice. Therefore, Plaintiff provides no valid basis for reconsideration. Accordingly,

---

[14] Fed. R. Civ. P. 60(b).

[15] *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

[16] Rec. Docs. 21 and 22. *See also* Rec. Doc. 1 at 32.

[17] *See* Rec. Doc. 15 at 2 ("Thereafter, Plaintiff alleges that he began to forward his habeas petition to individual Circuit Judges "demanding that an individual circuit judge exercise his or her original habeas jurisdiction over the petition.").

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Reurge His Motion For Relief Under FRCP Rule 59(e) Denied by the Court on 5-1-23"[18] and "Rule 60(b)(6) Motion"[19] are **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 27th day of June, 2023.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[18] Rec. Doc. 21.

[19] Rec. Doc. 22.